HARRISON-RYE REALTY CORPORATION, Plaintiff, *v.* NEW ROCHELLE TRUST COMPANY, as Substituted Trustee, etc., Defendant.

Supreme Court, Special Term, Westchester County, December 3, 1941.

*Bleakley, Platt & Walker,* for the plaintiff.

*Seacord, Ritchie & Young,* for the defendant.

DAVIS, J.  The main question in this case is whether a covenant in a deed from plaintiff's predecessor to defendant's predecessor in title is a covenant running with the land. The covenant in question obligated the purchaser of the premises to make certain annual payments in consideration of the maintenance of the street

in front of the premises by the seller. The essential elements of a covenant running with the land have recently been enumerated in *Neponsit P. O. Assn.* v. *Emigrant Ind. Savings Bank* (278 N. Y. 248). Of the three requirements stated in that case, the second and third are undoubtedly present here.

The presence of the first requirement — that the grantor and grantee intended that the covenant should run with the land — is less clear. The covenant does not in terms bind the heirs or successors of the parties to the conveyance. After reciting certain other covenants, the instrument provides " that the said covenants on the part of the party of the second part shall run with the granted premises." There is a further provision following the habendum clause that the premises are conveyed subject " to the restrictions hereinbefore stated, which will be taken to be real covenants running with the land."

It is not clear whether these provisions were intended to refer back to the street maintenance covenant, or whether the reference was to the other covenants which followed it and which were indentified by numerals.

The intention of the parties is to be gathered, not merely from the language of the deed, but from all the surrounding circumstances. (*Booth* v. *Knipe*, 225 N. Y. 390, 396.) Considering the nature of the covenant, the fact that it formed a part of a scheme of development, and its obvious inadequacy if binding only upon the original parties, I hold that the covenant was intended to run with the land and that it bound the successors of the purchaser including the defendant.

The six-year Statute of Limitations is not a defense to an action on a sealed instrument. The plaintiff is entitled to judgment for the relief demanded in the complaint.